The easement is equivalent to an eminent domain proceeding since the public body is taking Branaman's lands by easement; therefore, the easement should be treated equivalently to that of an eminent domain proceeding. Given such status, a plaintiff in an easement case, as in any eminent domain proceeding, should have access to a jury trial under Article 3, § 31 of our Mississippi Constitution. Section 31 grants the legislature leave to reduce a chancery or circuit court jury's size to nine members, not to vaporize the jury right. Indeed, § 31 states that "[t]he right of trial by jury shall remain inviolate,. . ." Further, since § 31 grants the legislature the mere leave to reduce the size of a chancery court jury, not the power to eliminate that jury right itself, *Page 1154 
it is evident that the right to a jury trial exists in chancery court.
Such a reasoned conclusion is viable despite the majority's reference to Tillotson v. Anders, 551 So.2d 212 (Miss. 1989) that § 31 lacks effect in chancery court. See id. at 214 n.2. Indeed,New Orleans, Baton Rouge, Vicksburg Memphis Railroad Co. v.Drake, 60 Miss. 621 (1882), an eminent domain case involving a railroad charter, states, regarding an appeal or objection to an appraisal as here, that "there is no constitutional objection to a jury in the Chancery Court for the trial of the appeal provided for by the charter. . ." See id. at 626. While Drake regards a statutory charter, it is useful in the instant case because the statute at issue here has been deemed facially unconstitutional and no longer holds until the legislature acts. Given the statute's unconstitutional status, we revert to § 31 of our Constitution which requires jury trials. Drake becomes applicable when jury trials are available. Thus, a jury trial should have been granted in this case.
Regardless, § 31 is quite clear that a jury trial is available to the plaintiff where a dispute exists and money is involved. Yet, even if the majority is accurate in its reliance on Tillotson and other cases, the case should be transferred to county court where a jury trial may be attained.
As previously explained, this easement case involves the same situation as would exist with any eminent domain case. Hence, I would reverse for a jury trial. I dissent. *Page 1154